# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, GOVERNMENT COORDINATING COUNCIL 1, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, et al.<br><br>*Defendants.* | Case No. 1:25-cv-03826-PLF<br><br><br>**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS** |

3874072

Pursuant to Fed. R. Civ. P. 56(c)(1)(A) and Local Rule 7(h)(1), Plaintiffs International Brotherhood of Electrical Workers ("IBEW") Locals 77, 238, 611, 640, 1245, 1759, 2159, 1959, and 1002, and IBEW Government Coordinating Council-1 (collectively, "Plaintiffs") submit this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment.

I.    **Undisputed material facts relevant to Plaintiffs' claim that the Executive Orders are *ultra vires* and contrary to Section 704.**

A.    **Plaintiffs represent federal prevailing rate employees who have bargained collectively with the Department of the Interior and the Department of Energy since before August 19, 1972.**

1.    **IBEW Local Union 77**

1.    IBEW Local Union 77 represents approximately 194 federal employees who work at the Grant Coulee Power and Columbia Cascade Area offices of the BOR in recognized trades and crafts, including as craftsmen, mechanics, electricians, powerplant operators, linemen, and utilitymen. Declaration of David Garegnani ("Garegnani Decl.") ¶ 2.

2.    IBEW Local Union 77 has been negotiating with the Grand Coulee Power office of the BOR over the terms and conditions of employment and other employment benefits, including work hours, rates of pay, adjustment of grievances, and the establishment of a Joint Cooperative Committee since at least April 27, 1949. Garegnani Decl. ¶ 6; Ex. A to Garegnani Decl. at Articles IV, V, VII.

3.    IBEW Local Union 77 and the Grand Coulee Power office of the BOR entered into a collective bargaining agreement, dated April 27, 1949. Garegnani Decl. ¶ 6; Ex. A to Garegnani Decl.

4.    In the current collective bargaining agreement between IBEW Local Union 77 and the Grand Coulee Power office of the BOR, dated June 5, 2021, the BOR admits that it has been negotiating over the terms and conditions of employment and other employment benefits

2

with IBEW Local Union 77 since at least April 27, 1959, and that Section 9(b) of the PRSA and Section 704 apply to IBEW Local Union 77.  Garegnani Decl. ¶¶ 7–9; Ex. B to Garegnani Decl. at Preamble, Supplement-2, Memorandum of Agreement No. 9, and Memorandum of Agreement No. 11.

5.    IBEW Local Union 77 has been negotiating with the Columbia Cascades Area office of the BOR over the terms and conditions of employment and other employment benefits since at least July 31, 1967. Garegnani Decl. ¶ 11; Ex. C to Garegnani Decl. at Article II, Section 2.1.

6.    IBEW Local Union 77 and the Columbia Cascades Area office of the BOR entered into a collective bargaining agreement, dated July 31, 1967. Garegnani Decl. ¶ 11; Ex. C to Garegnani Decl. at Article II, Section 2.1.

7.    In the current collective bargaining agreement between IBEW Local Union 77 and the Columbia Cascades Area office of the BOR, dated December 2, 2011, the BOR admits that it has been negotiating over the terms and conditions of employment and other employment benefits with IBEW Local Union 77 since at least July 31, 1967, and that Section 9(b) and Section 704 apply to IBEW Local Union 77. Garegnani Decl. ¶ 11–13; Ex. C to Garegnani Decl. at Article II, Section 2.1 and Supplementary Wage Agreement No. 2.

### 2.    IBEW Local Union 283

8.    IBEW Local Union 283 represents approximately 48 federal employees who work at the Snake Area Office of the BOR in recognized trades and crafts, including as plant mechanics, plant operators, control center operators, electricians, and dam tenders. Declaration of Steve Mazur ("Mazur Decl.") ¶ 3.

9.    IBEW Local Union 283 has been negotiating with the BOR over the terms and conditions of employment and other employment benefits, including labor-management

cooperation, adjustment of grievances, the rights of union representatives and shop stewards, safety and health, overtime, fringe benefits, and rates of pay since at least May 17, 1960. Mazur Decl. ¶ 9; Ex. A to Mazur Decl. at Articles IV, VI, VIII, and XII; Ex. B to Mazur Decl. at Sections 1, 7, and 9; Ex. C to Mazur Decl.

10.    IBEW Local Union 283 and the BOR entered into a collective bargaining agreement, dated June 1961, which is a revision of the original agreement dated May 17, 1960; a Supplementary Employee-Management Agreement No. 1, dated September 1963; and a Supplementary Employee-Management Agreement No. 2, dated April 2, 1970. Mazur Decl. ¶¶ 6–8; Exs. A, B, and C to Mazur Decl.

11.    During contract negotiations in 2021, the BOR never contested that Section 704 requires that the BOR negotiate certain terms and conditions of employment and other employment benefits with IBEW Local Union 283 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Mazur Decl. ¶ 12.

12.    In the current collective bargaining agreement between IBEW Local Union 283 and the BOR, dated November 24, 2021, the BOR admits that it has been negotiating over the terms and conditions of employment and other employment benefits with IBEW Local Union 283 since at least March 27, 1961, and that Section 9(b) of the PRSA and Section 704 apply to IBEW Local Union 238.  Mazur Decl. ¶¶ 13, 14; Ex. D to Mazur Decl. at Article 1, Section 1.2; Article II, Section 2.1; and Memorandum of Agreement (Wage Methodology).

13.    The current collective bargaining agreement between IBEW Local Union 283 and the BOR, dated November 24, 2021, states that "The parties recognize that the condition of this agreement is authorized under Sec. 704, Civil Service Reform Act of 1978."  Ex. D to Mazur Decl. at Article I, Section. 1.2.

### 3.    IBEW Local Union 611

14.    IBEW Local Union 611 represents approximately 17 federal employees who work in the Elephant Butte Field Division of the BOR in recognized trades and crafts, including as powerplant operators, powerplant electricians, powerplant mechanics, powerplant control room operators, and utility workers. Declaration of Randy Torres ("Torres Decl.") ¶ 2.

15.    IBEW Local Union 611 has been negotiating with the BOR over the terms and conditions of employment and other employment benefits, including rates of pay, the establishment of an employee-management cooperation, adjustment of grievances, and the rights of union representatives, and shop stewards since at least March 30, 1964. Torres Decl. ¶ 6; Ex. A to Torres Decl. at Articles IV, V, VI, VI, and X.

16.    IBEW Local Union 611 and the BOR entered into a collective bargaining agreement, dated March 30, 1964. Torres Decl. ¶ 6; Ex. A to Torres Decl.

17.    The current collective bargaining agreement between IBEW Local Union 611 and the BOR is dated October 31, 2024. Torres Decl. ¶ 7; Ex. B to Torres Decl.

18.    On August 6, 2025, BOR labor relations representative, Anthony Valdez, admitted in a letter to the Assistant Business Manager of IBEW Local Union 611 that Section 9(b) of the PRSA and Section 704 apply to IBEW Local Union 611. Torres Decl. ¶ 8; Ex. C to Torres Decl.

19.    In his August 6, 2025, letter, Mr. Valdez stated, "Employees at the Elephant Butte Field Division who are represented by Local 611 are covered by Section 9(b) of Public Law 92-392 and Section 704 of Public Law 95-454. Therefore, we will negotiate prevailing rates of pay for Elephant Butte Power and Storage employees for contract year 2025 based upon prevailing rates and practices of companies within the local geographic area." Torres Decl. ¶ 8; Ex. C to Torres Decl. at 1.

### 4.    IBEW Local Union 640

#### a.    BOR

20.    IBEW Local Union 640 represents approximately 23 federal employees who work for the BOR at Parker Dam and Davis Dam in recognized trades and crafts, including as powerplant operators, powerplant electricians, powerplant mechanics, powerplant control room operators, and utility workers. Declaration of Daniel Anderson ("Anderson Decl.") ¶ 3.

21.    IBEW Local Union 640 has been negotiating with the BOR over the terms and conditions of employment and other employment benefits, including rates of pay, labor-management cooperation, the adjustment of grievances, and the rights of union representatives and shop stewards since at least December 7, 1951. Anderson Decl. ¶ 7; Ex. A to Anderson Decl. at Articles IV, VI, VII, and X.

22.    IBEW Local Union 640 and the BOR entered into a collective bargaining agreement, dated December 7, 1951. Anderson Decl. ¶ 7; Ex. A to Anderson Decl.

23.    During contract negotiations in 2025, the BOR never contested that Section 704 requires that the BOR negotiate certain terms and conditions of employment and other employment benefits with IBEW Local Union 640 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Anderson Decl. ¶ 9.

24.    In the current collective bargaining agreement between IBEW Local Union 640 and the BOR dated October 3, 2024, the BOR admits that it has been negotiating over the terms and conditions of employment and other employment benefits with IBEW Local Union 640 since at least December 7, 1051, and that Section 704 applies to IBEW Local Union 640. Anderson Decl. ¶¶ 8, 10, 11; Ex. B to Anderson Decl. at Preamble, Article II, Section 2.1 and Article IV, Sections 4.1 and 4.2.

### b.    WAPA

25.    IBEW Local Union 640 represents approximately 78 federal employees who work for WAPA in recognized trades and crafts, including as protection and communication craftsmen, heavy equipment mechanics, converter technicians, heavy equipment operators, linemen, and electricians. Declaration of Martin Wollenburg ("Wollenburg Decl.") ¶ 17.

26.    Prior to the creation of WAPA and the DOE in 1977, the federal employees represented by IBEW Local Union 640 worked for the BOR under the umbrella of the DOI. Wollenburg Decl. ¶¶ 19, 21; Ex. L to Wollenburg Decl.

27.    On behalf of employees who now work for WAPA, IBEW Local Union 640 negotiated with the BOR (as WAPA's predecessor) over the terms and conditions of employment and other employment benefits including rates of pay, labor-management cooperation, adjustment of grievances, and the rights of union representatives and shop stewards at least as early as December 7, 1951. Wollenburg Decl. ¶ 20(i); Ex. J to Wollenburg Decl. at Articles IV, VI, VII, and X; Ex. A to Anderson Decl. at Articles IV, VI, VII, and X.

28.    On behalf of employees who now work for WAPA, IBEW Local Union 640 and the BOR (as WAPA's predecessor) entered into a collective bargaining agreement, dated December 7, 1951. Wollenburg Decl. ¶ 20(i); Ex. J to Wollenburg Decl.

29.    During contract negotiations in 2022, Donald Gerrish, the Chief of Workforce Relations and Training Branch at WAPA, explicitly admitted that Section 704 requires WAPA to negotiate certain terms and conditions of employment and other employment benefits with the local unions represented by GCC-1, including IBEW Local Union 640, because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Wollenburg Decl. ¶ 23.

30.    In the current collective bargaining agreement between GCC-1 and WAPA, dated October 1, 2022, WAPA admits that Section 704 applies to the local unions represented by GCC-1, including IBEW Local 640.  Wollenburg Decl. ¶¶ 22, 24; Ex. M to Wollenburg Decl. at Preamble.

### 5.    IBEW Local Union 1245

#### a.    BOR

31.    IBEW Local Union 1245 is the largest IBEW local union in the country. It represents approximately 137 federal employees who work for the BOR within the California-Great Basins Region in recognized trades and crafts, including as protection and communication craftsmen, heavy equipment mechanics, converter technicians, heavy equipment operators, linemen, electricians, equipment mechanics, plant mechanics, hydroelectric operators, and irrigation systems mechanics. Declaration of Gerald Williams ("Wiliams Decl.") ¶ 3.

32.    IBEW Local Union 1245 has been negotiating with the BOR over the terms and conditions of employment and other employment benefits, including rates of pay, labor-management cooperation, and adjustment of grievances since at least August 29, 1952. Williams Decl. ¶ 7; Ex. A to Williams Decl. at Articles I, IV, V, and VI.

33.    IBEW Local Union 1245 and the BOR entered into a collective bargaining agreement, dated August 29, 1952. Williams Decl. ¶ 7; Ex. A to Williams Decl.

34.    During contract negotiations in 2025, the BOR never contested that Section 704 requires that the BOR negotiate certain terms and conditions of employment and other employment benefits with IBEW Local Union 1245 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Williams Decl. ¶ 9.

35.     In the current collective bargaining agreement between IBEW Local Union 1245 and the BOR, dated August 1, 2023, the BOR admits that it has been negotiating over the terms and conditions of employment and other employment benefits with IBEW Local Union 1245 since at least August 29, 1952, and that Section 9(b) and Section 704 apply to IBEW Local Union 1245.  Williams Decl. ¶¶ 10–11; Ex. B to Williams Decl. at Article 2, Section 3, Article 4, Section 1, and Article 33, Section 1.

36.     The current collective bargaining agreement between IBEW Local Union 1245 and the BOR, dated August 1, 2023, states, "The rates of pay to be paid to the employees covered by this Agreement shall be determined through the process of collective bargaining" and that "[a]ll rates must be established … in accordance with Section 704 of Public Law 95-454 (Civil Service Reform Act of 1978) and Public Law 92-392(9)(a) and (b) (Prevailing Rates System Act of 1972)." Ex. B to Williams Decl. at Article 4, Section 1.

**b.    WAPA**

37.     IBEW Local Union 1245 represents approximately 47 federal employees who work for WAPA in recognized trades and crafts, including as protection and communication craftsmen, heavy equipment mechanics, converter technicians, heavy equipment operators, linemen, and electricians. Wollenburg Decl. ¶ 17.

38.     Prior to the creation of WAPA and the DOE in 1977, the federal employees represented by IBEW Local Union 1245 worked for the BOR under the umbrella of the DOI. Wollenburg Decl. ¶¶ 19, 21; Ex. L to Wollenburg Decl.

39.     On behalf of employees who now work for WAPA, IBEW Local Union 1245 negotiated with the BOR (as WAPA's predecessor) over the terms and conditions of employment and other employment benefits including rates of pay, labor-management cooperation, and the adjustment of grievances at least as early as August 29, 1952. Wollenburg

Decl. ¶ 20(ii); Ex. K to Wollenburg Decl. at Articles IV, V, VI; Ex. A to Williams Decl. at Articles IV, V, and VI.

40.    On behalf of employees who now work for WAPA, IBEW Local Union 1245 and the BOR (as WAPA's predecessor) entered into a collective bargaining agreement, dated August 29, 1952, followed by a revised version, dated December 18, 1959. Wollenburg Decl. ¶ 20(ii); Ex. K to Wollenburg Decl.

41.    During contract negotiations in 2022, Donald Gerrish, the Chief of Workforce Relations and Training Branch at WAPA explicitly admitted that Section 704 requires WAPA to negotiate certain terms and conditions of employment and other employment benefits with the local unions represented by GCC-1, including IBEW Local Union 1245 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Wollenburg Decl. ¶ 23.

42.    In the current collective bargaining agreement between IBEW Local Union 1245 and WAPA, dated October 1, 2022, WAPA admits that Section 704 applies to the local unions represented by GCC-1, including IBEW Local Union 1245.  Wollenburg Decl. ¶¶ 22, 24; Ex. M to Wollenburg Decl. at Preamble.

### 6.    IBEW Local Union 1759

#### a.    BOR

43.    IBEW Local Union 1759 represents approximately 130 federal employees who work for the BOR in the Eastern Colorado / Wyoming Area and the Montana Area offices in recognized trades and crafts, including as electricians, plant mechanics, powerplant operators, and control center operators. Wollenburg Decl. ¶¶ 4–5.

(i)    **Eastern Colorado / Wyoming Area Office of the BOR**

44.    IBEW Local Union 1759 has been negotiating with the Eastern Colorado / Wyoming Area office of the BOR over the terms and conditions of employment and other employment benefits, including rates of pay, labor management cooperation, adjustment of grievances, and the rights of union representatives and shop stewards since at least September 29, 1960. Wollenburg Decl. ¶ 7(ii); Ex. A to Wollenburg Decl. at Articles I, V, VII, VIII, and XIII.

45.    IBEW Local Union 1759 and the Eastern Colorado / Wyoming Area office of the BOR entered into a collective bargaining agreement, dated September 29, 1960. Wollenburg Decl. ¶ 7(ii); Ex. A to Wollenburg Decl.

46.    During contract negotiations in 2024, Human Resource Officer and BOR representative Tanya Klawikowski explicitly admitted that Section 704 requires the BOR to negotiate certain terms and conditions of employment and other employment benefits with IBEW Local Union 1759 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972.  Wollenburg Decl. ¶ 7(iv).

47.    In the current collective bargaining agreement between IBEW Local Union 1759 and the Eastern Colorado / Wyoming Area office of the BOR, dated October 2, 2024, the BOR admits that it has been negotiating over the terms and conditions of employment and other employment benefits with IBEW Local Union 1759 since at least September 29, 1960, and that Section 9(b) and Section 704 apply to IBEW Local Union 1759.  Wollenburg Decl. ¶¶ 7(v)–(vi); Ex. B to Wollenburg Decl. at Cover Page and Supplementary Labor Agreement No. 2, Section 1.2.

### (ii)   Montana Office of the BOR

48.    IBEW Local Union 1759, or its predecessor, has been negotiating with the Montana Area office of the BOR over the terms and conditions of employment and other employment benefits, including rates of pay, labor management cooperation, adjustment of grievances, and the rights of union representatives and shop stewards since at least August 12, 1952. Wollenburg Decl. ¶¶ 8(ii)–(iii); Ex. E to Wollenburg Decl. at Articles IV, VI, VII, and XI.

49.    IBEW Local Union 1759's predecessor and the Montana Area office of the BOR entered a collective bargaining agreement dated August 12, 1952, and a revised agreement, dated June 1965. Wollenburg Decl. ¶ 8(iii); Ex. E to Wollenburg Decl.

50.    During contract negotiations in 2024, Human Resource Officer and BOR representative Eric Holm explicitly admitted that Section 704 requires the BOR to negotiate terms and conditions of employment and other employment benefits with IBEW Local 1759 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Wollenburg Decl. ¶ 8(v).

51.    In the current collective bargaining agreement between IBEW Local Union 1759 and the Montana Area office of the BOR, dated November 8, 2024, the BOR admits that it has been negotiating over the terms and conditions of employment and other employment benefits with IBEW Local Union 1759 since at least August 12, 1952, and that Section 9(b) and Section 704 apply to IBEW Local Union 1759. Wollenburg Decl. ¶¶ 8(vi)–(vii); Ex. F to Wollenburg Decl. at Cover Page and Supplementary Labor Agreement No. 2.

### b.   WAPA

52.    IBEW Local Union 1759 represents approximately 89 federal employees who work for WAPA in recognized trades and crafts, including as protection and communication

craftsmen, heavy equipment mechanics, converter technicians, heavy equipment operators, linemen, and electricians. Wollenburg Decl. ¶ 17.

53.     Prior to the creation of WAPA and the DOE in 1977, the federal employees represented by IBEW Local Union 1759 worked for the BOR under the umbrella of the DOI. Wollenburg Decl. ¶¶ 19, 21; Ex. L to Wollenburg Decl.

54.     On behalf of employees who now work for WAPA, IBEW Local Union 1759 negotiated with the BOR (as WAPA's predecessor) over the terms and conditions of employment and other employment benefits including rates of pay, labor-management cooperation, adjustment of grievances, and the rights of union representatives and shop stewards at least as early as September 29, 1960. Wollenburg Decl. ¶ 20(iii); Ex. A to Wollenburg Decl. at Articles V, VII, and XIII

55.     On behalf of employees who now work for WAPA, IBEW Local Union 1759 (and its predecessor) and the BOR (as WAPA's predecessor) entered into collective bargaining agreements, dated September 29, 1960 and August 12, 1952. Wollenburg Decl. ¶ 20(iii)–(iv); Ex. A to Wollenburg Decl. at Articles V, VII, and XIII; Ex. E to Wollenburg Decl. at Articles IV, VI, VII, and XI.

56.     During contract negotiations in 2022, Donald Gerrish, the Chief of Workforce Relations and Training Branch at WAPA, explicitly admitted that Section 704 requires WAPA to negotiate terms and conditions of employment and other employment benefits with the local unions represented by GCC-1, including IBEW Local Union 1759 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Wollenburg Decl. ¶ 23.

57.     In the current collective bargaining agreement between IBEW Local Union 1759 and WAPA, dated October 1, 2022, WAPA admits that Section 704 applies to the local unions

represented by GCC-1, including IBEW Local Union 1759.  Wollenburg Decl. ¶¶ 22, 24; Ex. M
to Wollenburg Decl. at Preamble.

### 7.    IBEW Local Union 2159

#### a.    BOR

58.    IBEW Local Union 2159 represents approximately 71 federal employees who
work for the Upper Colorado Region of the BOR in the CRSP Power Operations Office in
recognized trades and crafts, including as electricians, plant mechanics, control center operators,
utilitymen, and pipefitters. Wollenburg Decl. ¶ 9.

59.    IBEW Local Union 2159 has been negotiating with the BOR over the terms and
conditions of employment and other employment benefits, including rates of pay, employee-
management cooperation, adjustment of grievances, overtime, hours of work, and general
working rules since at least January 8, 1965. Wollenburg Decl. ¶ 10; Ex. G to Wollenburg Decl.
at Articles IV, V, and VI; Ex. H to Wollenburg Decl. at Sections 1.10, 1.12, and 1.15.

60.    IBEW Local Union 2159 and the BOR entered into a collective bargaining
agreement, dated January 8, 1965, and a first supplemental agreement, dated March 25, 1966.
Wollenburg Decl. ¶ 10, Exs. G and H to Wollenburg Decl.

61.    During contract negotiations in 2024, William Phillips, BOR Human Resources
Officer, and Anthony Valdez, BOR Human Resources Supervisor, explicitly admitted that
Section 704 requires the BOR to negotiate certain terms and conditions of employment and other
employment benefits with IBEW Local Union 2159 because those terms and conditions of
employment and other employment benefits were the subject of negotiation prior to August 19,
1972.  Wollenburg Decl. ¶ 12.

62.    In the current collective bargaining agreement between IBEW Local Union 2159
and the BOR, dated May 5, 2024, the BOR admits that it has been negotiating over the terms and

conditions of employment and other employment benefits with IBEW Local Union 2159 since at least August 23, 1968, and that Section 704 applies to IBEW Local Union 2159. Wollenburg Decl. ¶¶ 13–14; Ex. I to Wollenburg Decl. at Preamble and Supplementary Labor Management Agreement No. 1, Sections 11.4 & 15.5.

### b.    WAPA

63.     IBEW Local Union 2159 represents approximately 45 federal employees who work for WAPA in recognized trades and crafts, including as protection and communication craftsmen, heavy equipment mechanics, converter technicians, heavy equipment operators, linemen, and electricians. Wollenburg Decl. ¶ 17.

64.     Prior to the creation of WAPA and the DOE in 1977, the federal employees represented by IBEW Local Union 2159 worked for the BOR under the umbrella of the DOI. Wollenburg Decl. ¶¶ 19, 21; Ex. L to Wollenburg Decl.

65.     On behalf of employees who now work for WAPA, IBEW Local Union 2159 and the BOR (as WAPA's predecessor) negotiated over the terms and conditions of employment and other employment benefits including rates of pay, employee-management cooperation, adjustment of grievances, overtime, hours of work, and general working rules at least as early as January 8, 1965. Wollenburg Decl. ¶ 20(v); Ex. G to Wollenburg Decl. at Articles IV, V, and VI; Ex. H to Wollenburg Decl. at Sections 1.10, 1.12, and 1.15.

66.     On behalf of employees who now work for WAPA, IBEW Local Union 2159 and the BOR (as WAPA's predecessor) entered into a collective bargaining agreement, dated January 8, 1965, and the first supplemental agreement, dated March 25, 1966. Wollenburg Decl. ¶ 20(v); Exs. G and H to Wollenburg Decl.

67.     During contract negotiations in 2022, Donald Gerrish, the Chief of Workforce Relations and Training Branch at WAPA explicitly admitted that Section 704 requires WAPA to

negotiate terms and conditions of employment and other employment benefits with the local unions represented by GCC-1, including IBEW Local Union 1759 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Wollenburg Decl. ¶ 23.

68.     In the current collective bargaining agreement between IBEW Local Union 2159 and WAPA, dated October 1, 2022, WAPA admits that Section 704 applies to the local unions represented by GCC-1, including IBEW Local Union 2159.  Wollenburg Decl. ¶¶ 22, 24; Ex. M to Wollenburg Decl. at Preamble.

### 8.     IBEW Local Union 1959

69.      IBEW Local Union 1959 represents approximately 157 federal employees who work for WAPA in recognized trades and crafts, including as protection and communication craftsmen, heavy equipment mechanics, converter technicians, heavy equipment operators, linemen, and electricians. Wollenburg Decl. ¶ 17.

70.     Prior to the creation of WAPA and the DOE in 1977, the federal employees represented by IBEW Local Union 1959 worked for the BOR under the umbrella of the DOI. Wollenburg Decl. ¶¶ 19, 21.

71.     On behalf of employees who now work for WAPA, IBEW Local Union 1959 and the BOR (as WAPA's predecessor) negotiated over the terms and conditions of employment and other employment benefits including rates of pay, labor-management cooperation, adjustment of grievances, and the rights of union representatives and shop stewards at least as early as August 12, 1952. Wollenburg Decl. ¶ 20(iv); Ex. E to Wollenburg Decl. at Articles IV, VI, VII, and XI.

72.     On behalf of employees who now work for WAPA, IBEW Local Union 1959 and the BOR (as WAPA's predecessor) entered into a collective bargaining agreement, dated August 12, 1952. Wollenburg Decl. ¶ 20(iv); Ex. E to Wollenburg Decl.

73.     During contract negotiations in 2022, Donald Gerrish, the Chief of Workforce Relations and Training Branch at WAPA, explicitly admitted that Section 704 requires WAPA to negotiate terms and conditions of employment and other employment benefits with the local unions represented by GCC-1, including IBEW Local Union 1959 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Wollenburg Decl. ¶ 23.

74.     In the current collective bargaining agreement between IBEW Local Union 1959 and WAPA, dated October 1, 2022, WAPA admits that Section 704 applies to the local unions represented by GCC-1, including IBEW Local Union 1959.  Wollenburg Decl. ¶¶ 22, 24; Ex. M to Wollenburg Decl. at Preamble.

### 9.     IBEW Local Union 1002

75.     IBEW Local Union 1002 represents approximately 68 federal employees who work for the Southwestern Power Administration ("SWPA") in recognized trades and crafts, including as electricians, linemen, equipment operators, and electric control craftsmen. Declaration of Brad Perkins ("Perkins Decl.") ¶ 2.

76.     IBEW Local Union 1002 has been negotiating with SWPA over the terms and conditions of employment and other employment benefits, including rates of pay, overtime, hours of work, classifications, and safety rules since at least June 14, 1962. Perkins Decl. ¶ 6; Ex. A to Perkins Decl. at Articles IV, VI, and VII; First Supplemental Agreement, Article VII, Section 7.1.

77.     IBEW Local Union 1002 and SWPA entered into a collective bargaining agreement, dated June 14, 1962. Perkins Decl. ¶ 6; Ex. A to Perkins Decl.

78.     During contract negotiations in 2015 and 2016, Keith Blackstone, the Director for the Division of Human Resources Management for SWPA, explicitly admitted that the

employees IBEW Local Union 1002 represents are prevailing rate employees, and that Section 704 requires SWPA to negotiate terms and conditions of employment and other employment benefits with IBEW Local Union 1002 because those terms and conditions of employment and other employment benefits were the subject of negotiation prior to August 19, 1972. Perkins Decl. ¶ 8.

79.     In the current collective bargaining agreement between IBEW Local Union 1002 and SWPA, dated September 22, 2021, SWPA admits that Section 704 applies to IBEW Local Union 1002.  Perkins Decl. ¶¶ 7–8; Ex. B to Perkins Decl. at Article 1, Section 1.1.

80.     The current collective bargaining agreement between IBEW Local Union 1002 and SWPA states that the parties entered into the agreement "[i]n accordance with the provisions of Title VII, section 704, of the [CSRA]."  *Id.*

**B.     Executive Orders 14251 and 14343 seek to end collective bargaining for federal prevailing rate employees at WAPA, SWPA, and the BOR.**

**1.     Executive Order 14251**

81.     On November 19, 1979, President Jimmy Carter issued Executive Order 12171, entitled "Exclusions From the Federal Labor-Management Relations Program" ("Executive Order 12171"). Exhibit A to the Declaration of Brook Dooley ("Dooley Decl.").

82.     In Executive Order 12171, President Carter, citing 5 U.S.C. § 7103(b)(1), determined that certain listed agency subdivisions had, as their primary function, "intelligence, counterintelligence, investigative, or national security work" and that the provisions of Chapter 71 governing collective bargaining rights of federal employees could not be applied to those agency subdivisions "in a manner consistent with national security requirements end considerations."  *Id.* at Section 1-101.

83.     Executive Order 12171 directed that the agency subdivisions set forth in the Order "are hereby excluded from coverage under Chapter 71." *Id.*

84.     On March 27, 2025, President Donald J. Trump issued Executive Order 14251, entitled "Exclusions from Federal Labor-Management Relations Programs" ("Executive Order 14251"). Ex. B to Dooley Decl.

85.     In Executive Order 14251, President Trump amended President Carter's Executive Order 12171 to add numerous federal agencies—including the entirety of the Departments of Justice, State and Veterans Affairs—and agency subdivisions to be excluded from coverage under Chapter 71. *Id*. at Section 2, 1-401, 1-404, and 1-405.

86.     Executive Order 14251 directed that, except for one subdivision, all of the DOE—including WAPA, SWPA and the other Power Marketing Administrations—be excluded from coverage under Chapter 71. *Id*. at Section 2, 1-409.

87.     Executive Order 14251 states that the agencies and subdivisions to be excluded from coverage under Chapter 71 "have a primary function intelligence, counterintelligence, investigative, or national security work" and that "Chapter 71 of title 5 cannot be applied to these agencies and agency subdivisions in a manner consistent with national security requirements and considerations." *Id.* at Section 1.

88.     Executive Order 14251 excludes from coverage under Chapter 71 the National Institute of Allergy and Infectious Diseases, the National Institutes of Health, the Bureau of Ocean Energy Management, and the Animal and Plant Health Inspection Service. *Id.* at Section 2, 1-406(g), 1-408(d), and 1-410(b).

### 2. White House Fact Sheet and OPM Guidance

89.     On March 27, 2025, the White House issued a "Fact Sheet" about Executive Order 14251. Ex. C to Dooley Decl.

90.     The Fact Sheet states that, "Today, President Donald J. Trump signed an Executive Order … to end collective bargaining with Federal unions" in the agencies and subdivisions covered by the Executive Order. *Id.* at 1.

91.     The Fact Sheet states that collective bargaining rights provided by the FSLMRS "enable[] hostile Federal unions to obstruct agency management," which is "dangerous in agencies with national security responsibilities." *Id.* at 2.

92.     The Fact Sheet states that "Certain Federal unions have declared war on President Trump's agenda." *Id.* at 2.

93.     The Fact Sheet states that "President Trump supports constructive partnerships with unions who work with him; he will not tolerate mass obstruction that jeopardizes his ability to manage agencies with vital national security missions." *Id.* at 3.

94.     On March 27, 2025, Charles Ezell, Acting Director of the U.S. Office of Personnel Management, sent a memorandum to all Heads and Acting Heads of Departments and Agencies regarding Executive Order 14251. Ex. D to Dooley Decl.

95.     The memorandum states that, "By operation of 5 U.S.C. § 7103(b) and [Executive Order 14251], covered agencies and subdivisions are no longer subject to the collective-bargaining requirements of chapter 71 of part III, subpart F of title 5 (5 U.S.C. §§ 7101-7135). Consequently, those agencies and subdivisions are no longer required to collectively bargain with Federal unions." *Id.* at 3.

96.    The OPM memorandum was updated to specify that its directive also applied to Executive Order 14343. *Id.* at 1.

### 3.    DOE Admissions

97.    After the President issued Executive Order 14251, the Administrator and Chief Executive Officer of WAPA sent a memorandum to Defendant Wright, Secretary of the DOE, regarding the applicability of Executive Order 14251 to the collective bargaining of wages and other working conditions between WAPA and IBEW GCC-1. Declaration of Amanda Moore ("Moore Decl.") ¶ 3; Ex. B to Moore Decl.

98.    The WAPA Memo states that WAPA's collective bargaining agreements with IBEW GCC-1 unions contain provisions that are protected under Section 704.  *Id.*

99.    The WAPA Memo states that "[i]t is WAPA's position that it may continue to collectively bargain wages and other working conditions under Section 704." *Id.*

100.    The WAPA Memo requested that the DOE "[a]pprove WAPA's request to bargain with IBEW GCC-1 on unit pay adjustments and working conditions."  *Id.*

101.    On June 24, 2025, BPA issued a Frequently Asked Questions sheet ("BPA FAQ Sheet") addressing Executive Order 14251.  Moore Decl. ¶ 2; Ex. A to Moore Decl.

102.    The BPA FAQ Sheet states that BPA hourly employees "are not covered by" Executive Order 14251 "due to the preservation or grandfathering" of certain BPA employees' "bargaining rights under the previous law."  *Id.*

### 4.    Executive Order 14343

103.    On August 21, 2025, the plaintiffs in *American Federation of Labor and Congress of Indus. Orgs. et al. v. Trump et al.,* No. 25-cv-02445-PLF (D.D.C. July 29, 2025), amended their complaint and added as plaintiffs several IBEW locals that represent federal

employees working at the Department of Defense.  *See Am. Fed'n of Lab. And Cong. of Indus. Orgs. et al. v. Trump et al.*, No. 25-cv-02445 (D.C. Cir. 2025), Dkt. 25, ¶¶ 13-16.

104.    On August 28, 2025, President Trump issued Executive Order 14343, entitled "Further Exclusions from the Federal Labor-Management Relations Program" ("Executive Order 14343"). Ex. E to Dooley Decl.

105.    Executive Order 14343 amended Executive Order 12171 to add to the list of agencies and subdivisions excluded from coverage under Chapter 71 "[u]nits in the Bureau of Reclamation with primary responsibility for operating, managing, or maintaining hydropower facilities." *Id.* at Section 2, 1-408(e).

106.    All the employees in the BOR units identified in Executive Order 14343 are represented by IBEW local unions. Williams Decl. ¶ 15.

### C.    Effect of Executive Orders

107.    On October 15, 2025, Allison Burnett, the Acting Employee Service & Compensation Division Chief and Workplace Relations Branch Chief for WAPA refused to communicate directly with GCC-1 representatives in a personnel matter, stating that WAPA was "not currently recognizing the unions." Moore Decl. ¶ 6; Ex. D to Moore Decl.

108.    On November 19, 2025, Allison Burnett stated that WAPA would not attend a labor management, stating that "the Executive Order is still in effect." Moore Decl. ¶ 5; Ex. C to Moore Decl.

109.    Since Executive Order 14251 was issued, WAPA has failed to negotiate typical annual wage adjustments, canceling labor management meetings, and refusing to process grievances as called for by the collective bargaining agreement between WAPA and GCC-1. Moore Decl. ¶ 4.

110.    Since Executive Order 14251 was issued, SWPA has failed to engage in standard wage negotiations with IBEW Local Union 1002 as called for by the collective bargaining agreement between SWPA and IBEW Local Union 1002. Perkins Decl. ¶ 13.

111.    Since Executive Order 14343 was issued, BOR management discontinued its participation in the grievance process, refused to provide IBEW Local Union 283 representatives official time for union activities, and cancelled all Labor Management Meetings with IBEW Local Union 283 as called for by the collective bargaining agreement between the BOR and IBEW Local Union 283. Mazur Decl. ¶ 16.

## II.    Undisputed material facts relevant to Plaintiffs' claim that the Executive Orders violate Plaintiffs' First Amendment rights.

112.    On April 25, 2023, the IBEW endorsed President Biden and Vice President Harris for re-election. Ex. F to Dooley Decl.

113.    On July 22, 2024, the IBEW endorsed Vice President Kamala Harris for president. Ex. G to Dooley Decl.

114.    On November 7, 2024, the IBEW released a statement titled "IBEW Statement on Donald Trump's Election," in which the IBEW recounted how it "fought disastrous proposals" during the first Trump administration, and how it would "not shy away from" similar fights during the second Trump administration. Ex. H to Dooley Decl.

115.    On May 14, 2025, the IBEW issued a press release titled "GOP Mega Bill Jeopardizes America's Energy Future, Kills Jobs to Pay for Billionaire Tax Cut." Ex. I to Dooley Decl.

116.    On August 1, 2025, the IBEW published an article titled "The Great Betrayal" criticizing various of President Trump's policies. Ex. J to Dooley Decl.

117.    On August 9, 2024, IBEW Local Union 611 posted a video titled "President Biden visits NM and supports Unions," and captioned "IBEW 611 supports those who support us." Torres Decl. ¶ 10.

118.    On August 12, 2020, Tom Dalzell, then-IBEW Local Union 1245 Business Manager, published a statement describing Joe Biden and Kamala Harris as "two politicians who have personal relationships with Local 1245" for which he was "proud."  Williams Decl. ¶ 13.

|  | Respectfully submitted,<br>KEKER, VAN NEST & PETERS LLP |
|---|---|
| Dated: December 19, 2025 | |

By:    */s/ Laurie Carr Mims*
Brook Dooley *(pro hac vice pending)*
Laurie Carr Mims (D.C. Bar #487732)
Travis Silva *(pro hac vice pending)*
Claire Bonelli *(pro hac vice pending)*
Elizabeth Heckmann *(pro hac vice pending)*
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
BDooley@keker.com
LMims@keker.com
TSilva@keker.com
CBonelli@keker.com
EHeckmann@keker.com

*Attorneys for Plaintiffs*
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS